UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC UNITED STATES OF AMERICA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE, INC., <br><br> Defendant. | Case No. 18-cv-00361-PJH <br><br> **ORDER DENYING MOTION TO STRIKE** <br><br> Re: Dkt. Nos. 42, 55 |

Before the court are defendant Apple's motions to strike plaintiffs' ("Uniloc") Second Amended Complaint (Dkt. 42) and to dismiss plaintiffs' First Amended Complaint (Dkt. 55). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for these two motions on April 11, 2018 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

On June 2, 2017, Uniloc filed its original Complaint in this action in the Eastern District of Texas, asserting infringement of a patent. Dkt. 1. On August 4, 2017, Uniloc filed a First Amended Complaint. Dkt. 17. On August 11, 2017, Apple filed a motion to dismiss Uniloc's First Amended Complaint. Dkts. 19, 55. On August 22, 2017, this action was consolidated with other cases in the Eastern District of Texas, with the Lead Case determined to be Case No. 2:17-cv-00470-JRG (now 18-cv-00362-PJH). Dkt. 25.

On October 4, 2017, Uniloc and Apple filed a Joint Motion for Entry of an Agreed Docket Control Order. Uniloc USA, Inc. v. Apple Inc., Case No. 18-cv-00362-PJH (N.D.

1  Cal.), Dkt. 40. The court entered the Joint Agreed Docket Control Order on October 5,
2  2017. Id., Dkt. 42. That Docket Control Order controlled this case. It reflected that the
3  court consented to any pleading amendments through February 12, 2018, so long as the
4  amendments did not assert new patents. Id. at 3.
5  On December 22, 2017, the Texas district court granted Apple's motion to transfer
6  the consolidated cases to the Northern District of California. Dkt. 34. On January 17,
7  2018, this case was assigned to this court. Dkt. 37. On January 30, 2018, Uniloc filed a
8  Second Amended Complaint. Dkt. 38.

## DISCUSSION

### A. Legal Standard

#### 1. Motion to Strike

Rule 12(f) provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. The function of a motion to strike is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (citation and internal quotation marks omitted). To determine whether to grant a motion to strike under Rule 12(f), the court considers whether the matter the moving party seeks to have stricken is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. Id. at 973–74.

Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystem, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). When a court considers a motion to strike, it "must view the pleadings in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec. Litig., 114 F Supp. 2d 955, 965 (C.D. Cal. 2000).

### B. Analysis

Apple moves to strike Uniloc's Second Amended Complaint based on arguments

that Uniloc violated Federal Rule of Civil Procedure 15. Rule 15 provides in relevant part that "A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier . . . [or] with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)–(2). Apple argues that Uniloc did not obtain Apple's consent nor the court's leave to file an amended complaint after the 21-day deadline had passed. Apple further argues that, even if the district court in Texas granted Uniloc leave to file the amended complaint, the schedule providing that leave became inapplicable after the case was transferred. Dkt. 42 at 4.

Plaintiffs argue that the court's October 5, 2017 order permitted amended pleading through February 12, 2018, so long as Uniloc did not assert additional patents. Dkt. 50 at 1–2. Uniloc filed its second amended pleadings on January 30, 2018, and it did not assert any additional patents.

FRCP 15(a)(2) allows a party to amend its pleading with "the courts' leave." Judge Gilstrap of the Eastern District of Texas issued an order allowing amended pleadings through February 12, 2018, noting specifically that "It is not necessary to seek leave of Court to amend pleading prior to this deadline unless the amendment seeks to assert additional patents." Uniloc USA, Inc. v. Apple Inc., Case No. 18-cv-00362-PJH (N.D. Cal.), Dkt. 42 at 3.

No party has identified an order contradicting or superseding Judge Gilstrap's order with respect to the deadline to file amended pleadings, nor has this court been able to identify such an order. Given that the order was never vacated, it was reasonable for Uniloc to rely on that order and believe it was complying with Rule 15(a)(2)—with "the court's leave" to amend—when it filed its Second Amended Complaint on January 30, 2018 without asserting additional patents.

**CONCLUSION**

For the foregoing reasons, Apple's motion to strike Uniloc's Second Amended

3

Complaint is DENIED. As such, Apple's motion to dismiss Uniloc's non-operative First Amended Complaint is DENIED as MOOT. Apple has 21 days from the date of this order to respond to Uniloc's Second Amended Complaint.

It is further ORDERED that the case management schedule order filed as the "Docket Control Order" in <u>Uniloc USA, Inc. v. Apple Inc.</u>, Case No. 18-cv-00362-PJH (N.D. Cal.), Dkt. 42 is VACATED. The court will set a new case management schedule following the initial case management conference before this court scheduled for April 26, 2018.

**IT IS SO ORDERED.**

Dated: April 5, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge