UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC UNITED STATES OF AMERICA, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No. 18-cv-00361-PJH<br>Case No. 18-cv-00362-PJH<br>Case No. 18-cv-00364-PJH<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS TO STAY** |

Before the court are defendant Apple, Inc.'s ("Apple") motions to stay the three above-captioned cases pending inter-partes review ("IPR") by the Patent Trial and Appeal Board ("PTAB"). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 30, 2018 is VACATED. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court GRANTS Apple's motions as follows.

**BACKGROUND**

Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc") filed these actions in June 2017, alleging that Apple infringed U.S. Patent Nos. 8,872,646 (the "'646 patent"); 7,653,508 (the "'508 patent"); 7,881,902 (the "'902 patent"); 8,712,723 (the "'723 patent"); and 7,690,556 (the "'556 patent").

The actions were originally filed in the Eastern District of Texas. On August 22, 2017, the three actions were consolidated, along with other cases, in the Eastern District of Texas, with Case No. 18-cv-00362-PJH as the Lead Case. See Case No. 18-cv-

00362-PJH, Dkt. 24.[1]

Apple filed motions to change venue on September 22, 2017 in each of the cases, and the Eastern District of Texas court granted the motions on December 22, 2017.

On December 8, 2017, Apple filed a petition for IPR of the asserted claims in the '646 patent. Dkt. 136–1 ("Vidmar Decl."), Ex. A2. On December 21, 2018, December 22, 2018, and January 5, 2018, Apple filed petitions for IPR of the '508, '723, and '902 patents, respectively. Id. at Exs. A3–A5. Apple has not petitioned for IPR review of the '556 patent, which is the sole patent at issue in Case No. 18-cv-00362-PJH.

The cases were transferred to the Northern District of California in January 2018. On February 21, 2018 this court related the three above-captioned cases. Dkt. 103. In ordering the cases related, the court found that "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a).

Now before the court are Apple's motions to stay the three above-captioned actions pending the IPR. Plaintiffs oppose the motions.

**DISCUSSION**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citation omitted). In determining whether to grant a stay pending IPR, courts consider "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Evolutionary Intelligence, LLC v. Facebook, Inc., 2014 WL 261837 at *1 (N.D. Cal. Jan. 23, 2014); Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030–31

---

[1] Citations to ECF docket entries are to Case No. 18-cv-00362-PJH unless otherwise indicated.

2

(C.D. Cal. 2013).

The first factor considers the stage of the litigation. The cases have recently been transferred to the Northern District of California. On April 26, 2018, the court held an initial case management conference at which the court scheduled the claim construction hearings for December 5, 2018. The scheduling order common to the three actions set by the Eastern District of Texas has been vacated, and the parties have been ordered to meet and confer to propose a new case schedule. On May 7, 2018, the parties proposed—but the court has not yet ordered—a single schedule that would control the three actions. The parties propose identical dates for each case and would end fact discovery in February 2019 and conduct trial in "Fall 2019." Dkt. 157.

While it is true that the motion to transfer venue resulted in some delay in the progress of the case, other factors have also entered into creating the delay, including Uniloc's amended pleadings. Much of the litigation activity to date has related to the change in venue and the sufficiency of the pleadings.

The court notes that some limited discovery has taken place. E.g., Case No. 18-cv-00361-PJH, Dkt. 76 at 5. But even this activity has been mostly preliminary in nature, with most of both fact and expert discovery still largely incomplete and even unscheduled. Although the parties have incurred some costs, significant early litigation costs still remain that could be avoided by a stay, depending on the PTAB's decisions. See PersonalWeb Techs., LLC v. Apple Inc., 69 F. Supp. 3d 1022, 1026–27 (N.D. Cal. 2014) (focusing on cost of remaining work in case); Microsoft Corp. v. Tivo Inc., Case No. 10-cv-00240-LHK, 2011 WL 1748428, at *6 (N.D. Cal. May 6, 2011) (finding that the stage of the litigation weighed in favor of a stay where the parties had exchanged initial disclosures, interrogatory responses, and document discovery, but no depositions had been taken and no expert reports had been exchanged). This factor weights in favor of staying the cases.

The second factor considers whether a stay will simplify the issues and the trial. A stay would simplify the issues and conserve the court's and a potential jury's resources

3

by ensuring that the court does not address at claim construction, summary judgment, or trial any claims that the Patent Office later invalidates. "[S]ince it is possible that this Court and the PTO could reach inconsistent conclusions regarding the same patent, there is a significant concern of wasting resources by unnecessarily proceeding" with this action in parallel. Ricoh Co. v. Aeroflex Inc., Case No. 03-cv-02289-MJJ, 2006 WL 3708069, at *5 (N.D. Cal. Dec. 14, 2006).

Plaintiffs argue that because the PTAB has not yet determined whether to institute the IPRs, it is not possible to determine whether a stay will simplify the issues or the trial. But the fact that the PTAB has not yet decided whether to institute an IPR does not require finding this factor weighs against issuing a stay. E.g., Fisher-Price, Inc. v. Dynacraft BSC, Inc., Case No. 17-cv-3745-PJH, 2017 WL 5153588, at *1 (N.D. Cal. Nov. 7, 2017); Sec. People, Inc. v. Ojmar US, LLC, Case No. 14-cv-04968-HSG, 2015 WL 3453780, at *3 (N.D. Cal. May 29, 2015); Pragmatus AV, LLC v. Facebook, Inc., Case No. 11-cv-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (collecting cases). "Either party may file a motion to lift the stay if any part of the petitions for IPR are denied—so 'any concern that the motion is premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if *inter partes* review is not instituted[.]'" Sec. People, Inc., 2015 WL 3453780, at *3 (quoting Evolutionary Intelligence, 2014 WL 261837, at *3). Therefore, this factor weighs in favor of a stay for case numbers 18-cv-00361-PJH and 18-cv-00364-PJH.

Case number 18-cv-00362-PJH faces an additional issue—Apple has not petitioned the PTAB for review of the sole patent at issue in that case. However, the same considerations described above apply to that case. The three cases were consolidated in the Eastern District of Texas. They are now related, meaning all three "concern substantially the same parties, property, transaction or event" and it is "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. L.R. 3-12(a). Although neither party has moved to consolidate the cases and the court has not yet determined

4

whether they should be consolidated for trial, the parties have jointly filed a proposed case schedule that would set identical deadlines for all litigation milestones across the three cases. The parties propose identical dates for claim construction, completion of fact and expert discovery, dispositive motion practice, pretrial disclosures, and the joint pretrial order. Dkt. 157. The parties disagree about whether the cases should be tried separately or together. Id. at ¶ 18. Because the patents and claims that will ultimately be at issue across the cases will be informed by the IPRs, staying the three related cases will allow the parties and the court to know what issues will be tried to a jury when determining the structure and composition of eventual trials.

Allowing the 18-cv-00362-PJH case to proceed while the two related cases are stayed would also be needlessly inefficient. For example, the patents largely share named inventors and concern substantially similar Apple products. Moving forward with a single case now creates a real risk of highly inefficient discovery that could require the same individuals—including third parties—to undergo multiple rounds of overlapping depositions and discovery requests. This factor weights in favor of staying case number 18-cv-00362-PJH.

The third factor considers whether a stay would unduly prejudice or present a clear tactical disadvantage to Uniloc. Uniloc argues that Apple delayed filing IPR petitions and moving to stay these cases, which if granted would unduly prejudice Uniloc. Dkt. 139 at 7–8.

"The 'delay inherent in the reexamination process does not constitute, by itself, undue prejudice.'" PersonalWeb Techs., LLC, 69 F. Supp. 3d at 1029 (quoting Esco Corp. v. Berkeley Forge & Tool, Inc., Case No. 09-cv-1635-SBA, 2009 WL 3078463, at *3 (N.D. Cal. Sept. 28, 2009) (collecting cases)). Uniloc argues that a stay will increase the likelihood of loss of evidence, but "[c]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay." Id. (rejecting argument that delay causes prejudice because of unspecified risk of loss of evidence). Uniloc does not point to any particular risk; it

5

suggests only a "generalized harm" that such a potential exists, which does not unduly prejudice Uniloc. Id.

Furthermore, Uniloc does not compete with Apple in the market. As such, there is no indication that Uniloc's harm cannot be compensated by readily-calculable money damages. Avago Technologies Fiber IP (Singapore) Pte. Ltd. v. IPtronics Inc.*,* Case No. 10-cv-02863-EJD, 2011 WL 3267768, at *5 (N.D. Cal. July 28, 2011) ("Unlike patent infringement actions involving non-practicing entities, infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages.") (citing Acumed LLC v. Stryker Corp.*,* 551 F.3d 1323, 1327–28 (Fed. Cir. 2008)); PersonalWeb Techs., LLC, 69 F. Supp. 3d at 1030.

With regard to the timing of the reexamination request, Apple filed its IPR petitions within the one-year statutory limit set in 35 U.S.C. § 315(b). Providing an accused infringer is diligent, delay due to preparing an IPR petition, ascertaining the plaintiffs' theories of infringement, or otherwise researching the patents, does not unduly prejudice the patent holder. See Asetek Holdings, Inc v. Cooler Master Co., Case No. 13-cv-00457-JST, 2014 WL 1350813, at *5 (N.D. Cal. Apr. 3, 2014). There is no indication that Apple was anything less than diligent.

The court also finds the timing of the motions to stay reasonable. The second motion in each of the three cases was Apple's motion to change venue. Those motions were granted on December 22, 2017. The cases were transferred to the Northern District of California in January 2018, and Apple filed a motion to relate the three cases a month later, in February 2018. The court granted that motion in February, and Apple filed the motions to stay in April 2018. Given that Apple contemplated these cases being transferred out of the Eastern District of Texas—where they were consolidated—and being related in this district, the court finds that the timing of Apple's motions was reasonable in light of the procedural landscape and did not constitute the type of gamesmanship designed to prejudice Uniloc. This factor weighs in favor of staying the cases.

## CONCLUSION

Given the potential for portions of this litigation to become moot, given the potential to simplify the scheduling and treatment of what issues remain, and given the fact that this case is at an early stage, the court finds that a stay is appropriate at least until the PTAB has determined whether to institute the IPRs. The court therefore GRANTS the motions to stay each of the three above-captioned cases, pending the PTAB's decision regarding institution of the IPRs in case numbers 18-cv-00361-PJH and 18-cv-00364-PJH. The parties shall advise the court as soon as the PTAB has made its determinations on those petitions. The court will reconsider the advisability of the stay at that point, and is likely to continue the stay if the IPRs have been instituted. If the petitions are denied, the court will lift the stay, and will schedule a case management conference. The date for the hearing on this motion, previously set for May 30, 2018, is VACATED.

**IT IS SO ORDERED.**

Dated: 5/25/2018

_____
PHYLLIS J. HAMILTON
United States District Judge